UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

John Jay Powers

    v.                                    Case No. 21-cv-775-SE

Community Resources for Justice

**REPORT AND RECOMMENDATION**

Plaintiff John Jay Powers, a former federal prisoner released on September 30, 2021, sued Community Resources for Justice ("CRJ"), a halfway house under contract with the Federal Bureau of Prisons ("BOP"), alleging that CRJ personnel unconstitutionally retaliated against him for complaining about CRJ employee conduct during his stay at CRJ. See Amended Compl. (Doc. 9-1).[1]

**Preliminary Review Standard**

The magistrate judge conducts a preliminary review of pleadings which are filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks

---

[1] Plaintiff also filed a motion for injunctive relief prior to his release. (Doc. No. 2). The court denied the motion as moot, as the online BOP inmate locator indicated he had been released from custody. (Doc. No. 6). In undertaking this preliminary review, the court considers the factual allegations in all of plaintiff's submissions, including his original Complaint (Doc. No. 1).

1

jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Background

From June through September 2021, plaintiff, a federal prisoner in the custody of the BOP, was residing at a halfway house operated by CRJ in Manchester, New Hampshire. After Mr. Powers injured a tooth in mid-June 2021, a dispute over his care developed. Mr. Powers claims that he needed a root canal, and that CRJ personnel instead insisted he get the injured tooth extracted. Not wanting to have a tooth extracted, he sought to file a grievance to resolve the dispute, but decided not to proceed after being warned that individuals who file grievances "usually did not last long" in the halfway house. After later being denied the desired dental procedure, Mr. Powers complained

to CRJ management about his dental care, interference with his mail, and the lack of access to grievance procedures.

Subsequent to his complaints, and at the suggestion of his mental health counselor, Mr. Powers purchased certain vitamins and health supplements. On August 22, 2021, CRJ staff searched Mr. Powers's room and confiscated the vitamins and supplements as contraband. On September 10, 2021, Mr. Powers filed grievances against CRJ staff. That afternoon, Mr. Powers's residency at the halfway house was terminated and he completed the remaining 20 days of his sentence in jail.

## Discussion

Construing all of his submissions liberally, Mr. Powers asserts the CRJ, through its employees, retaliated against him for both his formal and informal grievances, in violation of his First Amendment rights. In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized for the first time an implied private right of action for damages against federal officers alleged to have violated a citizen's constitutional rights. Id. at 397.[2] The scope of constitutional violations redressable by means of a

---

[2]Although Mr. Powers cites 42 U.S.C. § 1983 in his submissions, "A 'Bivens' action is a civil suit brought against agents of the United States, and is viewed as the federal analog to § 1983 suits against state officials." Casey v. Dep't of Health and Human Serv., 807 F.3d 395, 398 n.1 (1st Cir. 2015) (internal citation omitted).

Bivens action is, however, limited. Bivens itself recognized a right to relief against federal officers alleged to have undertaken a warrantless search and seizure in violation of the Fourth Amendment. Id. In the more than four decades since, the Supreme Court has extended the Bivens holding beyond its original Fourth Amendment confines only twice. See Davis v. Passman, 442 U.S. 228 (1979) (employment discrimination in violation of the Due Process Clause of the Fifth Amendment); Carlson v. Green, 446 U.S. 14 (1980) (Eighth Amendment violations committed by prison officials). Moreover, the Supreme Court "has made clear that expanding the Bivens remedy is now a "disfavored" judicial activity. Ziglar v. Abbasi, 137 S. Ct. 1843, 1857 (2017).

More specifically, both the Supreme Court and the First Circuit have declined to extend Bivens to encompass First Amendment claims like the one pressed here. See Wood v. Moss, 572 U.S. 744, 757 (2014) (acknowledging that the Supreme Court has never recognized an implied damages remedy under the First Amendment); Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (noting that the Supreme Court has so far "declined to extend Bivens to a claim sounding in the First Amendment"); Casey, 807 F.3d at 401 (citing Air Sunshine, Inc. v. Carl, 663 F.3d 27, 35 (1st Cir. 2011) ("It is questionable whether Bivens extends to cases

4

asserting a violation of First Amendment rights or retaliation for the exercise of those rights.")).

Beyond the fact that First Amendment claims have not been recognized under Bivens, the Supreme Court has also held that a plaintiff cannot assert a cognizable Bivens action against a private halfway house that contracted with the BOP. Corr. Serv. Corp. v. Malesko, 534 U.S. 61, 65–66, (2001); see also Minneci v. Pollard, 565 U.S. 118, 125 (2012) (holding that a prisoner at a federal facility operated by a private company could not assert a Bivens claim for damages against employees of the facility based on alleged Eighth Amendment violations).

Because Mr. Powers cannot state a Bivens claim against CRJ, the District Judge should dismiss this complaint for failure to state a claim upon which relief can be granted.

## Conclusion

For the foregoing reasons, the District Judge should dismiss this case in its entirety for failure to state a claim and direct the clerk's office to enter judgment and close the case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.

Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

January 28, 2022

cc: John Jay Powers, pro se